UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ERIC DEWAYNE SMITH | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:11-cv-121 |
| | ) | *Chief Judge Curtis L. Collier* |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, WARDEN JENNINGS, | ) | |
| UNIT MANAGER JONES, | ) | |
| BRENDA BARBER, and C/O UPSHAW, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

Plaintiff Eric Dewayne Smith ("Plaintiff"), an inmate at the Corrections Corporation of American-Silverdale ("CCA-Silverdale"), has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). Defendants Corrections Corporation of American ("CCA"), Warden Paul L. Jennings (Warden Jennings), James Edward Jones ("Jones"), and Brenda Barber ("Barber") have filed their answer to Plaintiff's complaint raising the affirmative defense that Plaintiff failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"), i.e., 42 U.S.C. § 1997e(a) (Court File Nos. 5, 13). Specifically, as their sixth defense Defendants contend and allege that Plaintiff has failed to exhaust the administrative remedies available to him before filing this action against Defendants (Court File Nos. 5, 13, pp. 2).

The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997(e)(a). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate

exhaustion in their complaints. *Id*. at 211-212. Thus, the burden is on a defendant to plead and prove the prisoner failed to exhaust his administrative remedies. The Court also held "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id*. at 923. Finally, the Supreme Court held that a complaint containing both exhausted and unexhausted claims should not be dismissed in its entirety but rather, the district court should proceed with the exhausted claims while dismissing the unexhausted claims. *Id*. at 218-23.

As the Supreme Court observed, the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. In that vein, and in order to conserve judicial resources and time, and to narrow the issues for trial, the Court will require Defendants to submit proof, at this time, to support their affirmative defense that Plaintiff did not exhaust his administrative remedies. If there has been a final administrative decision on Plaintiff's grievance(s), Defendants shall provide a copy of it to this Court as part of their response.

Accordingly, Defendants are **ORDERED** to submit proof to support their affirmative defense that Plaintiff failed to exhaust his remedies. Defendants **SHALL** submit a copy of the relevant written regulations of CCA's grievance policies and procedures, a copy of the document they provided to Plaintiff explaining what procedure he must follow to file a grievance, along with a detailed explanation of the grievance procedure Plaintiff and Defendants followed. In addition, copies of all grievances, appeals, and responses involving Plaintiff's claims **SHALL** be submitted to the Court. Defendants' response **SHALL** include an explanation of the standard procedures for processing inmate grievances, including all available appeals, and specifically noting what

procedure they claim Plaintiff failed to follow.

Defendants are **ORDERED** to file their response, including but not limited to, a copy of the written regulations and prison grievance policies and procedures; a copy of the procedure they provided to Plaintiff; copies of all grievances filed by Plaintiff; the written resolutions to those grievances; and any appeals from adverse decisions by the prison Grievance Board, with the Court on or before **Friday, June 22, 2012.**

In summary, should Defendants wish to rely on failure to exhaust administrative remedies, they **SHALL** supplement the record, on or before June 22, 2012, with proof demonstrating Plaintiff has actually failed to exhaust his administrative remedies. If they choose not to pursue the affirmative defense of failure to exhaust administrative remedies, they **SHALL** notify the Court immediately upon making that determination, but no later than June 22, 2012. Plaintiff **SHALL** file any reply to Defendants' response to this order on or before **Monday, July 16, 2012**.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**