UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ERIC DEWAYNE SMITH, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No.  1:11 cv 121 |
| ) | *Chief Judge Curtis L. Collier* |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, WARDEN PAUL L. ) | |
| JENNINGS; JAMES EDWARD JONES, JR., ) | |
| BRENDA BARBER, AND LATOYA ) | |
| UPSHAW, ) | |
| ) | |
| *Defendants.* ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Eric Dewayne Smith ("Smith"), presently housed at South Central Correctional Center in Clifton, Tennessee, filed this *pro se* action asserting claims under 42 U.S.C. §1983 against Defendants for allegedly placing him in danger by announcing, to a portion of the prison population at CCA-Silverdale, where he was housed at the time, that he is a member of the Ayran Brotherhood. Smith alleges that approximately a month later Defendant Latoya Upshaw let twelve African American inmates into his cell to assault him (Court File No. 1).

This matter is before the Court on Defendant Upshaw's motion to dismiss the complaint filed against her for insufficient service of process (Court File No. 14). Plaintiff has filed a motion requesting time to conduct discovery to obtain her address and properly effect service on Defendant Upshaw (Court File No. 16). Plaintiff obtained a summons which the United States Marshal Service sent by certified mail to Defendant Upshaw at CCA-Silverdale–her previous place of employment. Although the certified mail was delivered on January 18, 2012, and signed for by a staff member at

CCA-Silverdale, Defendant Upshaw was no longer employed at CCA-Silverdale (Court File Nos. 14, 15). Thus, it is clear that service of process upon Defendant Upshaw was insufficient.

Where service is insufficient, a court has discretion either to dismiss the action or "order that service be made within a specified time." Fed.R.Civ.P. 4(m). Federal Rule of Civil Procedure 4(m) compels dismissal unless a plaintiff shows good cause to justify a failure of timely service, *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). The Plaintiff bears the burden of showing good cause. *Friedman*, 929 F.2d at 1157. Though Rule 4 must be construed leniently with regard to *pro se* litigants, *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir.1994), ignorance of the procedural rules does not establish good cause. *Moncrief v. Stone*, 961 F.2d 595 (6th Cir. 1992). While a defect in service may result in the dismissal of an improperly served person, a court has broad remedial power to correct service, *see generally Haly v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976), especially where justice demands and prejudice would not result to the party who was not properly served.

Likewise, since a *pro se* prisoner plaintiff is generally entitled to service of process by officers of the court pursuant to Fed. R. Civ. P. 4(c)(3), a court has broad remedial power to ensure proper service is accomplished once a *pro se* prisoner plaintiff has taken reasonable steps to identify the defendants named in the complaint. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). The Sixth Circuit has joined the Seventh and Ninth Circuits in holding that "when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Id*.

Here, Plaintiff had Defendant Upshaw served at the last place he had known her to be employed. Plaintiff avers he does not have Defendant's Upshaw's present address but believes CCA-Silverdale can provide her address and requests discovery to obtain her address. Thus, Plaintiff, who is proceeding *pro se* and is incarcerated, appears to have done everything in his power to effect personal service through the United States Marshals Service ("USMS"). Accordingly, because Plaintiff is proceeding *pro se* and *in forma pauperis*, and the Clerk of Court and the United States Marshals Service are responsible for effecting service of process on his behalf, *see* 28 U.S.C, § 1915(d), under these circumstances, the Court **DENIES** Defendant's Upshaw's motion to dismiss under Fed.R.Civ.P. 12(b)(5) for insufficient service of process (Court File No. 14).

The USMS needs a current address for Defendant Upshaw; an address that Plaintiff does not possess, but an addresses that should be able to be provided by the Warden at CCA-Silverdale to the USMS. Since Plaintiff, who is a *pro se* prisoner, may rely on the USMS to serve process, the USMS's failure to complete service, due to no fault of their own but rather apparently due to CCA-Silverdale's improper acceptance of service, is "good cause" to extend the time for service under Rule 4(m). *Sellers v. United States*, 902 F.2d 598 (7th Cir. 1990).

Here, it would be virtually impossible for Plaintiff to obtain the current address of this defendant since prison guards typically do not want prisoners to have their home addresses, and it is often very difficult, if not impossible, for prisoners to learn the current address of such ex-employees. The use of Marshals to obtain Defendant Upshaw's current address and effect service alleviates two concerns: (1) the security risks inherent in providing the addresses of prison employees to prisoners; and (2) the reality that prisoners often get the "runaround" when they attempt

3

to obtain information through governmental channels which causes needless delays in litigating a case. *See Sellars*, 902 F.2d at 602.

It appears that the Warden of CCA-Silverdale should be able to provide the current address of Defendant Upshaw to the USMS with reasonable efforts. Therefore the Warden of CCA-Silverdale is hereby **ORDERED** to provide the USMS with Defendant Latoya Upshaw's most current address. A Deputy United States Marshal **SHALL** contact the Warden of CCA-Silverdale to obtain Defendant Latoya Upshaw's current address and thereafter, attempt to personally serve the summons and complaint upon her and make whatever return is appropriate. The Clerk of Court is **DIRECTED** to redact the address from any document filed on the Court's CM\ECF system.

In addition, the Clerk is **DIRECTED** to send the Warden of CCA-Silverdale a copy of the complaint and this Order. Further, the Clerk is **DIRECTED** to complete the service packet on this defendant and forward it, along with all proper documents, to the United States Marshal for service. Fed. R. Civ. P. 4. The USMS **SHALL** contact CCA-Silverdale and effect service within twenty days from the date the Court Clerk forwards the summons to the USMS.

Defendant Latoya Upshaw **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

Plaintiff is **ORDERED** to inform the Court and Defendants' counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address will result in the dismissal of this action. In addition, Plaintiff is

4

Case 1:11-cv-00121   Document 20   Filed 06/18/12   Page 4 of 5   PageID #: 63

reminded that he must cooperate with the USMS and take all necessary steps to ensure this defendant is served.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

5